## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLISON STRAKER,                          :
                                          :
                    Appellant,            :
          v.                              :     3:12-CV-00345
                                          :     (JUDGE MARIANI)
WELLS FARGO BANK, N.A., as                :
Trustee for ABFC 2006-OPT1                :
TRUST, ABFC ASSET-BACKED                  :
CERTIFICATES, SERIES 2006-OPT1,           :
                                          :     (BANKRUPTCY APPEAL)
                    Appellee.             :

*FILED SCRANTON DEC 18 2014 PER ___ DEPUTY CLERK*

### MEMORANDUM OPINION

#### I. INTRODUCTION

Presently before the Court is a *pro se* bankruptcy appeal brought by Appellant

Allison Straker ("Straker" or "Appellant") pursuant to 28 U.S.C. § 158(a). Straker appeals the

Bankruptcy Court's October 6, 2011 Order denying her motion to vacate (Doc. 11, Ex. II).

Straker sought to vacate the Bankruptcy Court's June 17, 2009 Order (Doc. 1-1) granting a

motion for relief from stay filed by Appellee Wells Fargo Bank, N.A., as Trustee for ABFC

2006-OPT1 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT1, or its Successor or

Assignee ("Wells Fargo" or "Appellee"). (Doc. 1). For the reasons set forth below, the Court

will affirm the Bankruptcy Court's October 6, 2011 Order.

#### II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On June 19, 2007, Wells Fargo initiated a mortgage foreclosure action in the Carbon

County Court of Common Pleas against Straker's property located at 233A Chestnut Lane

Hickory, Penn Forest Township, Pennsylvania 18210. (Doc. 2-12, Ex. B). A default

judgment was entered on behalf of Wells Fargo on August 9, 2007. (Doc. 2-12, Ex. C). On

February 26, 2009, Appellant filed a voluntary Petition under Chapter 13 of the Bankruptcy

Code (Doc. 11, Ex. I),[1] which automatically stayed the state foreclosure action pursuant to

11 U.S.C. § 362(a).

On May 22, 2009, Wells Fargo filed a motion for relief from the automatic stay. (Doc.

2-3). A hearing was held on June 16, 2009. (Doc. 14). Straker did not attend. Counsel for

Wells Fargo represented that Straker had proposed to pay $300 per month to her secured

creditors in addition to her payments under the proposed bankruptcy plan. (*Id.* at 2:13-15).

Counsel contended that this proposal was insufficient to protect Wells Fargo's interest since

Straker owed it approximately $1,900 per month, was approximately $84,000 behind on her

mortgage, and was not making payments. (*Id.* at 2:17-3:1). On June 17, 2009, the

Bankruptcy Court issued an Order granting Wells Fargo's motion for relief. (Doc. 1-1). The

Order modified the automatic stay to permit Wells Fargo "to foreclose its mortgage, and,

without limitation, to exercise any other rights it has under the mortgage or with respect to

the property located at: 223A Chestnut Lane Hickory, Penn Forest Township, Pennsylvania

18210." (*Id.*).

On June 23, 2009, Straker filed a motion for reconsideration. (Doc. 2-5). In her

motion, she challenged the validity of the state foreclosure judgment. However, she did not

---

[1] Straker's Petition was subsequently converted into a Chapter 7 Petition. (Doc. 2-9 at ¶ 1).

address Wells Fargo's motion for relief, aside from asserting that Wells Fargo lacked standing since the state foreclosure judgment was allegedly invalid. (*Id.* at ¶¶ 8-9). A hearing was held on July 23, 2009. (Doc. 15).

During the hearing, the Bankruptcy Judge stated that a relief hearing was not the proper forum for Appellant to litigate her state foreclosure defenses. (*Id.* at 3:14-25). Straker contended that Wells Fargo did not have standing because "[a]t the time that they obtained the judgment" in state court, Wells Fargo "did not have assignment of the mortgage[.]" (*Id.* at 5:8-10). The Bankruptcy Judge interjected, "But they do have a judgment, right?" (*Id.* at 5:14). He went on to state that the existence of the foreclosure judgment provided a sufficient basis for granting relief. (*Id.* at 6:20-7:6). The Bankruptcy Judge further observed that Straker had not produced any arguments that would support extending the stay. (*Id.* at 9:4-12). Instead, he noted,

> What you've come up with is all sorts of potential defenses to Wells Fargo's claim. That may very well support your ability to open up the State Court judgment, but it's not necessarily enough for me to continue the automatic stay. Because no matter what I do with regard to the adjudication of this motion for relief [it] cannot -- will not alter the fact there's a judgment in State Court. You have to do something else to get that upset. You can't do it through a relief motion . . . .
>
> If you've got a battle with this creditor in State Court, and that State Court is capable of either finding there's a proper mortgage or not, then you should go to State Court to get that figured out because that's where the litigation is actually going.

(*Id.* at 7:12-8:4).

On July 24, 2009, the Bankruptcy Court denied Appellant's motion for reconsideration. (Doc. 2-7). Straker did not appeal either the July 24, 2009 Order or the Bankruptcy Court's June 17, 2009 relief Order. (See Doc. 16 at 10:24-11:5, 13:9-14:2).

On March 23, 2010 and July 8, 2010, the Carbon County Court of Common Pleas amended Wells Fargo's foreclosure judgment *nunc pro tunc* to reassess the amount Appellant owed. (Doc. 2-12, Exs. D, E). On September 8, 2011, Straker filed an "Emergency Motion to Vacate Order Dated August 9, 2007, and Dismiss Plaintiff Wells Fargo Bank Foreclosure Complaint, and Cancel Sheriff Sale Scheduled for September 9, 2011, and Disqualify Attorneys and the Law Firm of Phelan Hallinan & Schmieg, LLP" in the Carbon County Court of Common Pleas. (Doc. 2-12, Ex. F). On September 9, 2011, the Court of Common Pleas denied the emergency motion. (Doc. 2-12, Ex. G). As a result, Appellant's property was sold in a Sheriff's Sale on September 9, 2011. (Doc. 2-9 at ¶ 14).

On September 12, 2011, Straker filed an emergency motion to vacate the Bankruptcy Court's June 17, 2009 relief Order and sought to reinstate the automatic stay. (Doc. 2-9). A hearing was held on October 6, 2011. (Doc. 16). During the hearing, the Bankruptcy Judge engaged in an extended colloquy with Straker regarding the state foreclosure proceedings. (*Id.* at 5:20-10:25). Appellant indicated that the Carbon County Court of Common Pleas denied her challenges to the foreclosure proceedings. (*Id.* at 9:1-18). When asked whether she had appealed the decision of the Carbon County Court of

4

Common Pleas to the Pennsylvania Superior Court, she stated that she had not. (*Id.* at 9:19-20).

Instead, Appellant stated that she returned to the Bankruptcy Court because she believed it had erred when it granted Wells Fargo's relief motion. (*Id.* at 17:9-13). As part of her prayer for relief, Straker's motion requested that the Bankruptcy Court "[r]eimpose the automatic stay retroactively as of June 17, 2009 when relief was granted[.]" (Doc. 2-9). The Bankruptcy Judge stated that if Appellant "wanted to challenge" his relief Order, she "could have appealed that [decision] to the District Court" in 2009. (Doc. 16 at 13:12-13). Straker acknowledged that she did not appeal the Bankruptcy Court's June 17, 2009 Order (*see id.* at 13:9-14:2) or its July 24, 2009 denial of her motion for reconsideration (*id.* at 11:24-12:5). The Bankruptcy Judge stated that he did not have the authority, over two years later and after the property had been sold, to reinstate the automatic stay. (*Id.* at 14:16-19).

As a result, the Bankruptcy Court denied Appellant's motion to vacate. (Doc. 11, Ex. II). The Bankruptcy Judge concluded that Straker's motion was untimely insofar as it challenged the June 17, 2009 Order. (Doc. 16 at 25:3-7). The Bankruptcy Court held that her motion was brought in the wrong forum insofar as Appellant sought to challenge the state foreclosure proceedings. (*See id.* at 24:13-16).

### III. STANDARD OF REVIEW

"[T]he Bankruptcy Court's findings of fact are reviewed only for clear error, while legal determinations are reviewed *de novo.*" *In re Heritage Highgate, Inc.,* 679 F.3d 132,

5

139 (3d Cir. 2012). It's "decision whether to grant relief from the automatic stay is reviewed for abuse of discretion." *In re Stone Res., Inc.*, 482 F. App'x 719, 722 (3d Cir. 2012). "An abuse of discretion involves a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. David*, 222 F. App'x 210, 215 (3d Cir. 2007) (quoting *Valenti v. Mitchell*, 962 F.2d 288, 299 (3d Cir. 1992)).

## IV. ANALYSIS

Straker's appeal is limited to the Bankruptcy Court's October 6, 2011 Order denying her motion to vacate the June 17, 2009 relief Order. (Doc. 1).[2]

### A. Rule 60(b)

Straker's appeal has no merit since the Bankruptcy Court properly denied her motion to vacate. Appellant brought her motion to vacate pursuant to Bankruptcy Rule 9024. Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy judgments. Straker's motion to vacate cited subsections (1), (3), (4), and (6) of Rule 60(b). (Doc. 2-9 at ¶ 24).

#### 1.  Rule 60(b)(1) and (3)

Rule 60(b) provides, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Rule 60(c)(1) provides, "A motion under Rule 60(b)

---

[2] Straker does not appeal the relief Order itself or the Bankruptcy Court's July 23, 2009 Order denying her motion for reconsideration. Nor could she appeal these 2009 Orders as the time to do so has long passed. *See* Fed. R. Bankr. P. 8002.

must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Here, Straker's September 12, 2011 motion sought to vacate the Bankruptcy Court's June 17, 2009 relief Order. (Doc. 2-9). Since she filed her motion over two years after the relief Order was issued, Appellant's motion to vacate was untimely insofar as it was brought under Rule 60(b)(1) and (3). *See* Fed. R. Civ. P. 60(c)(1). Moreover, even if Straker's motion was timely filed, there is nothing in the record that would support vacating the Bankruptcy Court's relief Order under Rule 60(b)(1) or (3). There is no evidence of mistake, inadvertence, surprise, or excusable neglect. Nor is there any evidence of fraud, misrepresentation, or other misconduct.

Thus, the Bankruptcy Court properly denied Appellant's motion to vacate pursuant to Rule 60(b)(1) and (3).

## 2. Rule 60(b)(4)

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010). "A judgment is not void, for example, simply because it is or may have been erroneous. Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Id*. (internal citations and quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a

certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

Straker contends that the Bankruptcy Court's relief Order was void since the Bankruptcy Court lacked jurisdiction. (Doc. 10 at 22). Contrary to Appellant's assertion, the Bankruptcy Court acted well within its authority when it granted Wells Fargo's motion for relief. *See* 11 U.S.C. § 362(d). Upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a)(2) automatically stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement" of the bankruptcy proceedings. "Because a secured creditor risks losing the benefit of its security interest if it is unable to foreclose against the property, the Bankruptcy Code permits a creditor to seek such relief by filing a motion for relief from the automatic stay under 11 U.S.C. § 362(d)." *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995).

Here, it is undisputed Wells Fargo attained a mortgage foreclosure judgment in the Carbon County Court of Common Pleas before Straker filed for bankruptcy. A default judgment was entered on August 9, 2007. (Doc. 2-12, Ex. C). Appellant filed for bankruptcy on February 26, 2009. (Doc. 11, Ex. I). On May 22, 2009, Wells Fargo filed a motion for relief from the automatic stay. (Doc. 2-3).

Section 362(d) expressly permits, "[o]n request of a party in interest and after notice and a hearing," a bankruptcy court to "grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay[.]"

8

Following Wells Fargo's request for relief, the Bankruptcy Court afforded Appellant notice and opportunities to be heard. On May 26, 2009, the Bankruptcy Court issued an Order setting a deadline of June 10, 2009 for Straker to respond to Wells Fargo's motion for relief and setting a date of June 16, 2009 for a hearing on the motion. (Doc. 11, Ex. IX). Straker did not file a timely response to Wells Fargo's motion and did not attend the hearing.

On June 17, 2009, the Bankruptcy Court granted the motion for relief and modified the automatic stay to allow Wells Fargo to foreclose against Appellant's property. (Doc. 1-1). On June 23, 2009, Straker filed a motion for reconsideration. (Doc. 2-5). The Bankruptcy Court scheduled a second hearing, and Appellant was afforded another opportunity to challenge the motion for relief. (See Doc. 15). As the Bankruptcy Court observed, Straker challenged the validity of the state court judgment but did not advance arguments that would support reinstituting the stay. (See id. at 6:14-7:19, 9:4-12).

Thus, it cannot be said that the Bankruptcy Court lacked jurisdiction to grant Appellee's motion for relief or that it violated Appellant's due process rights. Wells Fargo was a secured creditor with a foreclosure judgment, and the Bankruptcy Court acted within its authority under 11 U.S.C. § 362(d). Straker was afforded notice and two hearings. Further, there is no evidence that the Bankruptcy Court abused its discretion in granting Appellee's motion for relief.

In her appellate Briefs, Straker alleges defects in the mortgage assignment to Wells Fargo and other misconduct by Appellee. (Doc. 10 at 14-22; Doc 21 at 21-23). The

9

Bankruptcy Court previously rejected these arguments as grounds for extending the stay since it found that Straker's contentions were essentially challenges to the state court judgment, and not appropriate arguments for a relief hearing. (Doc. 15 at 7:10-8:4). As a result, the Bankruptcy Court instructed Straker to litigate her defenses to the state foreclosure action in state court. (*Id.* at 6:14-8:4).

The Bankruptcy Court's analysis was not an abuse of discretion. *See In re Chan*, 355 B.R. 494, 498 (Bankr. E.D. Pa. 2006) ("[A]s our Court of Appeals has recognized, the legislative history of § 362(d) expressed Congress' intention that there are cases in which it is 'more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.' *In re Wilson*, 116 F.3d 87, 91 (3d Cir. 1997)."). Appellant produced no evidence that she would be in any way prejudiced by litigating her foreclosure claims in state court. Finally, and most fundamentally to the present appeal, Straker offers no arguments that could lead this Court to find that the Bankruptcy Court lacked jurisdiction in granting Wells Fargo's motion for relief.

Thus, the Bankruptcy Court properly denied Appellant's motion to vacate pursuant to Rule 60(b)(4).

### 4.  Rule 60(b)(6)

Rule 60(b)(6) acts as a "catch-all provision" and authorizes courts to relieve a party

from a final judgment for "any other reason that justifies relief." *Budget Blinds, Inc. v. White*,

536 F.3d 244, 251 (3d Cir. 2008). Rule 60(b)(6) relief requires "extraordinary

circumstances." *Id.* "This requirement exists in order to balance the broad language of Rule

60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the

interest in the finality of judgments." *Id.* at 255. "Rule 60(b)(6) exists so that courts may

vacate judgments whenever such action is appropriate to accomplish justice, in situations

that are not addressed by the other five clauses of Rule 60(b)." *Id.* at 254 (internal citations

and quotation marks omitted). The Court of Appeals has stated,

> We have explained that a showing of extraordinary circumstances involves a
> showing that without relief from the judgment, an extreme and unexpected
> hardship will result. This hardship requirement may sometimes be satisfied
> when the judgment precluded an adjudication on the merits. But extraordinary
> circumstances rarely exist when a party seeks relief from a judgment that
> resulted from the party's deliberate choices.

*Id.* at 255 (internal citations and quotation marks omitted).

Although Appellant's Opening Brief bases her Rule 60(b) argument in subsection (4)

(Doc. 10 at 22-25), her Reply Brief also references subsection (6). (Doc. 21 at 15-16).

Subsection (6) and subsections (1) through (5) "are mutually exclusive." *S.E.C. v. Fin.

Warfare Club, Inc.*, 425 F. App'x 85, 87 (3d Cir. 2011) (quoting *Liljeberg v. Health Servs.

Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)). Where

relief is available under any of these subsections, relief under subsection (6) is unavailable.

11

*Id.* Here, Straker's arguments under subsections (1), (3), and (4) have no merit. As a result, the Court considers whether relief is available to her under subsection (6).

The record does not present the sort of "extraordinary circumstances" necessary for Straker to attain relief under subsection (6). *See Budget Blinds*, 536 F.3d at 251. Appellant asks this Court to reverse the Bankruptcy Court's October 6, 2011 Order and to remand the matter with instructions to reimpose the automatic stay. (Doc. 21 at 27-28). However, Appellant's actions and "deliberate choices" rule out relief under Rule 60(b)(6) and required the Bankruptcy Court to deny her motion to vacate. *See Budget Blinds*, 536 F.3d at 255.

As stated, Straker did not attend the relief hearing and did not appeal the relief Order in 2009. (*See* Doc. 16 at 10:24-11:5). Although Appellant filed a motion for reconsideration, she did not advance arguments that would have justified reinstating the stay and did not appeal the denial of her motion. (*See id* at 13:9-14:2; Doc. 15 at 6:14-7:19, 9:4-12). Instead, Appellant waited until 2011, after her property was sold in the Sheriff's Sale and over two years after the relief Order was issued, to file a motion to vacate. By that time, the Bankruptcy Court could not reinstitute the automatic stay even if Straker was entitled to such relief, which she was not.

Thus, the Bankruptcy Court properly denied Appellant's motion to vacate pursuant to Rule 60(b)(6).

## B. *Rooker-Feldman*

Straker's appeal is also barred by the *Rooker-Feldman* doctrine. *Rooker-Feldman*

prevents federal district courts from exercising jurisdiction "[i]n certain circumstances, where

a federal suit follows a state suit[.]" *Great Western Mining & Mineral Co. v. Fox Rothschild*

*LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010). The doctrine originated from two Supreme Court

opinions issued over the course of six decades, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

44 S. Ct. 149, L. Ed. 2d 362 (1923) and *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The doctrine is derived from 28

U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court

of a state in which a decision could be had, may be reviewed by the Supreme Court[.]'"

*Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008). "'Since Congress has never

conferred a similar power of review on the United States District Courts, the Supreme Court

has inferred that Congress did not intend to empower District Courts to review state court

decisions.'" *Id.* (quoting *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir.

2003)). Likewise, *Rooker-Feldman* precludes bankruptcy courts from reviewing state court

decisions. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (noting *Rooker-Feldman* "applies

equally to federal bankruptcy courts"); *see also In re Knapper*, 407 F.3d 573, 582 (3d Cir.

2005); *Reiter v. Washington Mut. Bank*, 455 F. App'x 188, 190-91 (3d Cir. 2011).

In the Third Circuit,

there are four requirements that must be met for the *Rooker-Feldman*
doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff

13

"complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (brackets in *Great Western*)).

According to the Court of Appeals, "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* "The second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury." *Id.* The fourth requirement "targets . . . whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169.

Applying these principles here, the Court concludes that the *Rooker-Feldman* doctrine bars Straker's appeal and divested the Bankruptcy Court of jurisdiction over her motion to vacate. The first requirement is met since Straker lost in state court. *See Great Western*, 615 F.3d at 166. On August 9, 2007, a default judgment was entered on behalf of Wells Fargo in the Carbon County Court of Common Pleas (Doc. 2-12, Ex. C). *See In re Randall*, 358 B.R. 145, 154 (Bankr. E.D. Pa. 2006) (noting *Rooker-Feldman* "is applicable to state court default judgments as well as judgments entered after a trial on the merits") (citing *In re Knapper*, 407 F.3d at 580). Appellant never sought to strike or open the default judgment. *See Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. Ct. 2004) (discussing procedures under Pennsylvania law for setting aside a default judgment).

14

In 2010, the Carbon County Court of Common Pleas twice amended the foreclosure judgment *nunc pro tunc* to reassess the amount owed to Wells Fargo. (Doc. 2-12, Exs. D, E). Appellant did not respond. Instead, Straker waited until the day before her property was set to be sold at auction to file "Defendant's Emergency Motion to Vacate Order Dated August 9, 2007, and Dismiss Plaintiff Wells Fargo Bank Foreclosure Complaint, and Cancel Sheriff Sale Scheduled for September 9, 2011, and Disqualify Attorneys and the Law Firm of Phelan Hallinan & Schmieg, LLP." (Doc. 2-12, Ex. F). The Court of Common Pleas denied her motion (Doc. 2-12, Ex. G), and Appellant's property was sold in a Sheriff's Sale on September 9, 2011. (Doc. 2-9 at ¶ 14).

Despite the Carbon County Court of Common Pleas' rejection of her eleventh-hour attempt to prevent the foreclosure sale, Straker did not file an appeal in the Pennsylvania Superior Court. (*See* Doc. 16 at 9:19-20). Instead, three days after the Court of Common Pleas denied her emergency motion, Straker returned to the Bankruptcy Court, filed an emergency motion to vacate, and sought reinstatement of the automatic stay. (Doc. 2-9). Because Appellant filed her motion to vacate after the Court of Common Pleas denied her emergency motion, and over four years after the entry of default judgment, the third requirement under *Great Western* is satisfied. *See* 615 F.3d at 166.

As to the crucial second and fourth requirements, Appellant's injury was caused by the state foreclosure proceedings, and she seeks to have this Court review and reject the state default judgment and the Sheriff's Sale, which the Court construes as an execution

15

proceeding on that judgment. *See id.* Although Straker styles her appeal as a challenge to the Bankruptcy Court's October 6, 2011 Order (Doc. 1), the source of her injury is the state foreclosure judgment, not conduct of committed by Wells Fargo that pre-dated the state foreclosure action or was otherwise independent of it. *Cf. Hersh v. CitiMortgage, Inc.,* 16 F.Supp.3d 566, 572 (W.D. Pa. 2014) (finding the second requirement was not met where the plaintiff's claim was "premised on conduct allegedly committed by Defendant that pre-date[d] the foreclosure action"). Appellant's injury is the loss of her property. Her property was sold in the Sheriff's Sale, and the Sheriff's Sale was the product of the state foreclosure judgment. Thus, the second requirement under *Great Western* is satisfied. *See* 615 F.3d at 166.

While Straker nominally challenges the Bankruptcy Court's denial of her motion to vacate, her motion was predicated upon her contention that the state foreclosure judgment was void. (*See* Doc. 16 at 15:12-16:19). Appellant asks this Court to deem the state court judgment void due to, *inter alia,* an alleged "lack of personal service." (Doc. 21 at 18). She seeks to reinstate the automatic stay (*id.* at 27-28) and, thereby, undo the Sheriff's Sale and indefinitely forestall the enforcement of the state foreclosure judgment. As a result, Straker's claim does not require an expansive or novel application of *Rooker-Feldman.* Instead, her appeal attempts to do "precisely what *Rooker-Feldman* prohibits"—"reduce the state court judgments to nullities." *See In re Knapper,* 407 F.3d at 582. Thus, the fourth requirement

under *Great Western* is satisfied, and Straker's appeal is barred by *Rooker-Feldman*.[3] *See*

615 F.3d at 166.

## V. CONCLUSION

For the foregoing reasons, the Court will affirm the Bankruptcy Court's denial of

Straker's motion to vacate. (Doc. 11, Ex. II). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] The Court is sympathetic to Straker's "apparent confusion over how to properly litigate [her] challenges to the state court judgment at issue and we note that if [Appellant] wanted federal court review of the state court judgment in [her] mortgage foreclosure proceedings, [she] should have traveled the following course: an appeal as of right to the Superior Court of Pennsylvania, followed—if relief was denied at that intermediate stage—by requests for discretionary review from the Pennsylvania and United States Supreme Courts." *See Reiter*, 455 F. App'x at 190. Appellant took none of these actions. *Cf. In re Knapper*, 407 F.3d at 579. Despite the Bankruptcy Judge's repeated recommendation that Straker retain counsel (*See, e.g.*, Doc 15 at 9:21-10:20; Doc. 16 at 26:20-27:7), she did not do so.